423 So.2d 488 (1982)
Michael CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-461.
District Court of Appeal of Florida, First District.
December 14, 1982.
*489 Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Campbell appeals a final judgment adjudicating him guilty of driving under the influence. We reverse.
Appellant drove his pick-up truck in front of an oncoming train. The ensuing accident caused the death of his passenger and severe injury to him. He was taken to the hospital, where blood was drawn and tested for purposes of determining his blood type and to obtain other information needed in an effort to save his life. The blood test revealed, among other things, that the appellant had a .185 blood alcohol level. Shortly thereafter, a state trooper requested that additional blood be drawn so that it could be tested for the purpose of possibly prosecuting appellant for driving under the influence. However, the appellant was in shock and the laboratory technician was unable to draw a second blood sample. The state's attorney subsequently filed an information charging the appellant with vehicular homicide, driving a vehicle while under the influence, and driving a vehicle without a valid driver's license.
Prior to trial the appellant filed a motion to suppress the test results, arguing inter alia, that the test had been performed for treatment purposes and had not been done at the request of a law enforcement officer as required by §§ 322.261,.262, Fla. Stat. (1979). Although the state admitted that the blood was drawn for hospital purposes and not at the request of a law enforcement officer, the trial court denied the motion to suppress. At trial, the appellant renewed his motion to suppress on the grounds previously argued, and on the further grounds that the blood testing equipment used was not approved or certified for court purposes, and was not tested and inspected for court purposes. This motion was also denied by the court.
Appellant contends that the test results were inadmissible because they were not obtained at the request of a law enforcement officer and because the testing did not comply with §§ 322.261, .262, Fla. Stat. This alleged error was preserved for appellate review by appellant's written motion to suppress prior to trial and by an oral motion to suppress made during the trial.
Section 322.261, Florida Statutes, provides in part:
(2)(a) The test determining the weight of alcohol in the defendant's blood shall be administered at the direction of the arresting officer in accordance with rules and regulations which shall have been adopted by the department. Such rules and regulations shall be adopted after public hearing, and shall specify precisely the test or tests which are approved by said department for reliability of result and facility of administration and shall provide an approved method of administration which shall be followed in all tests given under this section.
(b) Only a physician, registered nurse, or duly licensed clinical laboratory technologist *490 or clinical laboratory technician, acting at the request of a peace officer, may withdraw blood for the purpose of determining the alcoholic content therein. Such withdrawal of blood shall be performed only at a hospital, clinic, or other medical facility. This limitation shall not apply to the taking of a breath specimen.
Section 322.262, Florida Statutes, provides in part:
(2) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of, a vehicle while under the influence of alcoholic beverages, when affected to the extent that his normal faculties were impaired, the results of any test administered in accordance with s. 322.261 and this section shall be admissible into evidence when otherwise admissible, and the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood or breath shall give rise to the following presumptions:
... .
(3) Chemical analyses of the person's blood or breath, in order to be considered valid under the provisions of this section, must have been performed according to methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. The Department of Health and Rehabilitative Services is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the Department of Health and Rehabilitative Services.
The foregoing provisions mandate that blood tests be administered at the direction of the arresting officer and that the test or tests used be approved by the Department of Health and Rehabilitative Services for reliability of result and facility of administration. Otherwise, the results of the test are not admissible into evidence and do not give rise to the presumptions set forth in § 322.262. It is admitted in the instant case that the blood tests were not taken at the direction of a peace officer and there was no showing of compliance with § 322.261. Accordingly, the test results were not admissible and the trial judge erred in denying appellant's motion to suppress. State v. Bender, 382 So.2d 697 (Fla. 1979); Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979).
REVERSED AND REMANDED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.