443 So.2d 360 (1983)
Steven DRURY, et al., Petitioners,
v.
The Honorable Major B. HARDING, Circuit Court Judge, Division B, Fourth Judicial Circuit, Duval County, Florida, Respondent.
No. AV-161.
District Court of Appeal of Florida, First District.
December 29, 1983.
*361 Louis O. Frost, Jr., Public Defender, John E. Mathews, III, Asst. Public Defender, Jacksonville, for petitioners.
Jim Smith, Atty. Gen., Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for respondent.
PER CURIAM.
The defendants in this prosecution for driving while under the influence of alcohol (DUI), Section 316.193, Florida Statutes (Supp. 1982), seek review, by certiorari, of a decision of the Circuit Court reversing the County Court's order excluding chemical test results for blood alcohol content from introduction into evidence at trial.[1] We review and approve the Circuit Court's decision, and certify a question to the Supreme Court of Florida.
Effective July 1, 1982, the DUI law was revised and amended. One revision made by the legislature was to delegate the responsibility for adopting rules and regulations governing the administration of chemical tests to one administrative agency, Department of Health and Rehabilitative Services (HRS),[2] heretofore delegated to two agencies, HRS and Department of Highway Safety and Motor Vehicles (DHSMV)[3]. On December 16, 1982, HRS adopted emergency rules[4] containing those rules and regulations already adopted by HRS and those rules formerly under the purview of DHSMV prior to July 1, 1982. Between July 1, 1982, and December 16, 1982, the petitioners were arrested and charged with driving while under the influence of alcohol. At the time of their arrest, the petitioners submitted to chemical tests for blood alcohol content pursuant to Section 316.1932, Florida Statutes (Supp. 1982). The county court granted the motions to suppress the test results on grounds that there were no rules lawfully in force, at the time the defendants were arrested, governing the testing procedures as required by Section 316.1932. The cases were consolidated for appeal in the Circuit Court. The Circuit Court reversed on the grounds that the subsequently enacted rules are procedural in nature and can be applied retrospectively. We issued a show cause order.
Upon consideration of the petition, the response, and petitioners' reply, we conclude that the Circuit Court ruled correctly. The rules and regulations adopted by HRS on December 16, 1982, are procedural and therefore they may be applied retrospectively to the petitioners in this case. Even without the rules governing the administration of chemical tests for blood alcohol content, the police had the authority to give the tests to the defendants. There is no constitutional impediment to a blood alcohol analysis with or without consent where probable cause has been established. State v. Bender, 382 So.2d 697 (Fla. 1980), citing Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957). The rules were designed to permit the introduction of test results into evidence without the requirement of expert testimony to lay a predicate for the test's reliability. State v. Bender, supra. Because the purpose of the rules is to ensure that only reliable evidence is placed before a jury, the law in effect at the time of the trial is the law that governs the admissibility of the evidence. This court finds the rules to be procedural in nature and we approve the decision of the *362 Circuit Court, thereby allowing the test results to be introduced at trial, subject, of course, to a proper predicate for admissibility showing that the rules were complied with.
Pursuant to Rule 9.125, Florida Rules of Appellate Procedure, this court certifies the following question for resolution by the Supreme Court because the issue pending in this court has a great effect on the proper administration of justice throughout the state:
WHETHER THE RULES ADOPTED DECEMBER 16, 1982, BY THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES GOVERNING THE ADMINISTRATION OF CHEMICAL TESTS FOR BLOOD ALCOHOL CONTENT UNDER SECTION 316.1932, FLORIDA STATUTES, CAN BE APPLIED TO TESTS ADMINISTERED BEFORE THEIR ADOPTION, THEREBY ALLOWING THE TEST RESULTS INTO EVIDENCE AT A TRIAL SUBSEQUENT TO THE RULES' ADOPTION.
In view of our finding of no departure from the essential requirements of law, the order to show cause is discharged.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] The Circuit Court order sought to be reviewed was entered in the consolidated cases of State of Florida v. Steven Drury, Case No. 83-11-AP; State of Florida v. Milford D. Guthrie, Case No. 83-12-AP; State of Florida v. Danny Paul Johnson, Case No. 83-13-AP; State of Florida v. Sandra P. Lemunyon, Case No. 83-14-AP; State of Florida v. John D. Thompson, Case No. 83-15-AP; and State of Florida v. Ripley C. Davis, Case No. 83-16-AP.
[2] Section 316.1932(1)(f)1, Florida Statutes (Supp. 1982).
[3] HRS, Section 322.262(3), Florida Statutes (1981); DHSMV, Section 322.261(2)(a), Florida Statutes (1981).
[4] On March 8, 1983, HRS adopted formal rules after a public hearing.