## STATE OF FLORIDA v. DOYLE

### Case No. TO84-49051; 49052

County Court, Orange County

October 18, 1984

**APPEARANCES OF COUNSEL**

**Alex Zouzoulas** for plaintiff.

**Jay P. Cohen** for defendant.

**OPINION OF THE COURT**

JAMES C. HAUSER, County Judge.

This cause came before this court on Defendant's Motion to Suppress the breathalyzer test.[1]

## FACTS

Defendant was arrested for the offense of driving under the influence of alcohol to the extent his normal faculties were impaired (DUI). The defendant was transported to the breathalyzer room where a breathalyzer test was administered. At no time did the arresting officer request the breathalyzer technician to administer a breathalyzer test to the defendant. However, the officer did ask the defendant whether he would submit to a breath test and the defendant consented. The defendant's breath registered .20%.

## LEGAL ARGUMENT

Florida Statute 316.1932(1)(9) states in part ". . . the breath test shall be incidental to a lawful arrest and administered at the request of a law enforcement officer."

## CONCLUSIONS OF LAW

Defendant has cited the case of *Campbell v. State*, 423 So.2d 488 (Fla. 1st DCA 1982). A defendant had his blood withdrawn in order to save his life; at no time did a police officer request the blood to be withdrawn. The First District Court of Appeal ruled the results inadmissible because the State failed to strictly comply with the statutory requirements. See F.S. 322.262(3); *Gilliam v. State*, 373 So.2d 935 (Fla. 2d DCA 1979).

This court is unable to follow the *Campbell* decision in this case for two reasons:

1. Since the *Campbell* decision, the legislature has amended the DUI statute to make it easier to admit breathalyzer results into evidence. Florida Statute 316.1932(1)(b)(a). ". . . any insubstantial differences between approved techniques and actual testing procedures in any individual case shall *not* render the test or test results invalid."

2. It may be inferred that the police asked the breathalyzer technician to give the defendant a breathalyzer test. The only reason a defendant is taken to a breathalyzer room is for the State to gather evidence; to wit, a video of the defendant, breathalyzer results and information obtained from the defendant and recorded in the alcohol influence report.

---

[1] In a breathalyzer test, the defendant blows his breath into a breathalyzer machine. Unlike a blood test, there is no possibility that the test itself could cause physical harm to the defendant.

2

On the other hand, when an individual is taken to a hospital the *primary* reason is not to obtain evidence, but to secure the health and well being of that individual.

Furthermore, when blood is withdrawn from an individual, if it is not done properly severe medical complications could occur. Such is not the case when the defendant blows his breath into a breathalyzer machine. It is for the above reason why the legislature is much more restrictive in requiring the State to follow strict medical procedure for the introduction of a blood test than a breath test.

Therefore based on the foregoing, Defendant's Motion is DENIED.