# STATE OF FLORIDA v. DINGUS; STATE OF FLORIDA v. HUNT; STATE OF FLORIDA v. MARCOUX; STATE OF FLORIDA v. SCHROOP; and STATE OF FLORIDA v. MAUK (Consolidated)

Case Nos. 43387-LX, 41131-LX, 34731-LN, 38427-LX and 43266-LX

County Court, Volusia County

December 17, 1984

### APPEARANCES OF COUNSEL

Rob Bobek for plaintiff.

Flem Whited and Michael Lambert for defendants.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on to be heard on defendant's respective motions in

limine to prohibit the introduction of the results of any breath test upon the grounds that the State would be unable to prove that the breath tests were administered in accordance with the rules of the Department of Health and Rehabilitative Services (hereinafter called DHRS), in effect at the time of the trial set for December 17, 1984.

## FINDINGS OF FACT

1. Each of the defendants were arrested for D.W.I. prior to October 23, 1984 and were given a breath test in accordance with the rules and regulations of DHRS in effect at the time of their arrest.

2. The pertinent rule which was in effect prior to October 23, 1984 is found in Rule 10D-42-211 entitled "definitions." The definition of the word "determination" was defined as:

"shall mean the analyzing and testing of the specimen of blood or breath and the translating of the results of such tests or analysis into conclusions of the percent of the alcohol in the blood."

3. Effective October 23, 1984, the definition of "determination" was substantially amended to provide for the *"analyzing and testing of a minimum of two specimens of blood or alcohol"*. (underscoring supplied)

4. In the "operational procedures" of the rules, instructions are given as to the taking of a second test. (Rule 10D-42.24)

5. In previous hearings before this Court, in other cases, expert scientific testimony was produced to claim that in order to prove the accuracy and validity of the breath testing machines and the results thereof, scientific standards would require the taking of a minimum of two tests within a short period of time.

The State of California and Maine, among other States, have provisions which require a minimum of two tests.

The DHRS apparently recognizing the deficiency of its previous rules and accepting the opinion of the scientific community amended its rules to require a minimum of two tests as set forth above.

6. It is conceded by the State that none of the defendants were given two tests at the time of their arrest and assert that the rules in effect at the time of arrest should be controlling.

## CONCLUSIONS OF LAW

The defendants cite two Florida cases which address itself to the question at hand.

In *Drury v. Harding*, 443 So.2d 360 (Fla. 1st DCA 1983), the

**125**

defendant, charged with D.W.I., sought to exclude the chemical test results from introduction in evidence because at the time of the taking of his breath test the DHRS had no rule lawfully enforced governing the testing procedure as required by Florida Statute Section 326.1932. On December 16, 1982 however, the DHRS adopted emergency rules which governed the testing procedure as required by the above named statute.

The First DCA in *Drury v. Harding*, supra, ruled that the law in effect at the time of the trial is the law that governs the admissibility of evidence and may be applied retrospectively to the defendant, the Court stated at page 361:

> "The rules and regulations adopted by HRS on December 16, 1982 are procedural and therefore they may be applied retrospectively to the petitioners in this case . . . . the rules were designed to permit the introduction of test results into evidence without the requirement of expert testimony to lay a predicate for the test's reliability. State v. Bender, supra. Because the purpose of the rules is to insure that only reliable evidence is placed before a jury, the law in effect at the time of the trial is the law that governs the admissibility of the evidence."

The Fifth DCA in *State v. Fardelman*, 453 So.2d 1183 (Fla. 5th DCA 1984) concurred in the decision of the *Drury* case, supra when it said:

> "This case is like *Drury v. Harding*, 443 So.2d 360 (Fla. 1st DCA 1983) and we are in agreement with the Drury ruling. Thus we must reverse the order of suppression."

Following the principle of law enunciated by the First DCA and Fifth DCA, we have in the case at bar a rule of DHRS which makes no provision for the taking of two breath tests at the time of the defendants' arrests. While the defendants' cases were pending, DHRS amends its rules to require a "minimum of two tests." If the emergency rules adopted by DHRS in December, 1982 date back to the time of the defendants' arrest as ruled in the *Drury* case, why not should the amended rules adopted by DHRS on October 23, 1984 date back to the time of the arrest of these defendants.

The 1st DCA and the 5th DCA in their respective rulings in an effort to preserve the integrity of the DHRS and the breath tests of the persons charged with DUI, have created a double edge sword. If amended rules that benefit the State are applicable at time of trial, then why not rules that benefit the defendants be also applicable at time of trial.

126

This Court, on the principle of stare decisis, must not disturb the settled points adjudicated by the 1st DCA and the 5th DCA and must therefore grant the defendants' Motions in Limine.

It is therefore:

ORDERED AND ADJUDGED that the defendants' Motions in Limine be and the same, is hereby granted, and it is further

ORDERED AND ADJUDGED that nothing contained herein shall prevent the State to introduce the test results into evidence upon proper proof by expert witnesses that lay the predicate for the introductions of the tests' reliability.

The 1st DCA has certified its decision to the Supreme Court and this Court finding that this decision is of great public importance and will affect the uniform administration of justice, pursuant to Chapter 84-303 (House Bill 1223, effective October 1, 1984) certifies the following question to the Fifth District Court of Appeal.

"WHETHER AMENDED RULES OF THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES EFFECTIVE OCTOBER 23, 1984 GOVERNING THE ADMINISTRATION OF CHEMICAL TESTS FOR BLOOD ALCOHOL CONTENT UNDER SECTION 316.1932 FLORIDA STATUTES, AND SPECIFICALLY REQUIRING A MINIMUM OF TWO BREATH TESTS BE APPLIED TO THE DEFENDANTS WHO WERE ARRESTED PRIOR TO OCTOBER 23, 1984 AND WHOSE TRIAL COMMENCES AFTER OCTOBER 23, 1984."