BASKIN, Judge.
Strong appeals his convictions for manslaughter. We reverse upon a finding that blood samples were unlawfully withdrawn from Strong, and the resulting blood tests were erroneously admitted into evidence.
The undisputed facts in the record reveal that the blood samples withdrawn from Strong were not taken at the request of a law enforcement officer, nor were they procured by a qualified individual pursuant to the mandatory provisions of section 316.1932(l)(f)2., Florida Statutes (Supp.1982). As this court stated in State v. Roose, 450 So.2d 861 (Fla. 3d DCA), review denied, 451 So.2d 850 (Fla.1984):
[T]he fact that the person who has drawn the defendant’s blood is not statutorily authorized to do so fatally infects the reliability of the test results and renders them inadmissible into evidence.
See Campbell v. State, 423 So.2d 488 (Fla. 1st DCA 1982); Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982). The trial court’s refusal to suppress the samples and tests requires reversal because the unlawfully obtained evidence was used to procure Strong’s convictions. Cf. Grant v. Brown, 429 So.2d 1229 (Fla. 5th DCA), review denied, 438 So.2d 832 (Fla.1983) (blood test admissible to establish comparative negligence in personal injury case even though not taken in compliance with statute). The statute calls for strict compliance with its terms in contemplation of the extreme invasion of individual privacy it sanctions. For this reason, courts may not deem a failure to follow its directives technical or a violation of its requirements harmless.
State v. Bender, 382 So.2d 697 (Fla.1980) does not render the blood tests admissible in the case at bar. The test results were introduced in support of the state’s contention that Strong’s motor vehicle intoxication was evidence of his culpable negligence. Accordingly, failure to comply with the mandatory provisions of the statute foreclosed admission of the blood tests.
Reversed and remanded.