## STATE OF FLORIDA v YODER

Case No. N85-001-307MY-2-4

County Court, Sarasota County

June 13, 1986

### APPEARANCES OF COUNSEL

**Skip Martin,** Assistant State Attorney, for plaintiff.

**Katy Kirwin,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

BECKY A. TITUS, County Judge.

### *ORDER ON MOTION TO SUPPRESS MEDICAL BLOOD TEST*

THIS CAUSE was heard before the court. The following facts were stipulated by the parties:

1. The Defendant was conscious and alert when the arresting officer arrived at the scene of the accident.

2. After advising the Defendant of the "implied consent" law, the Defendant refused to take the blood test.

3. Subsequently at the hospital, a test of the blood was conducted for medical purposes.

4. The blood drawn for medical purposes was not obtained at the request of a law enforcement officer and the procedure used did not comply with § 316.1932(1)(f), Fla. Stat., and applicable rules of the Department of Health and Rehabilitative Services.

Although under § 315.1932(1)(f)1, Fla. Stat. (1984) the failure of a law enforcement officer to request the withdrawal of blood no longer precludes the admission into evidence of blood withdrawn for medical purposes, the medical blood test must still be taken in compliance with § 316.1932(1)(f) and rules of the Department of Health and Rehabilitative Services. *Gillman v. State*, 373 So.2d 935 (Fla. 2d DCA 1979); *Strong v. State*, 465 So.2d 549 (Fla. 3d DCa 1985).

Moreover, the arresting officer did not fail to request a blood test. He advised the Defendant of the implied consent law, § 316.1932 Fla. Stat., including the provision that his license would be suspended if he refused to submit. The implied consent statute still contemplates a right to refuse such a test if the defendant is willing to suffer a license suspension and the admission of his refusal into evidence at his criminal trial. The admission into evidence of a medical blood test under these circumstances would, in effect, penalize the Defendant twice - once for his refusal and again through admission of the medical blood test. If the Legislature had intended this result, it would have stated that a medical blood test was admissible despite the defendant's refusal to submit to a legal blood test. This court will not presume what the Legislature has clearly not stated.

Upon the foregoing, it is hereby

ORDERED AND ADJUDGED that the Motion to Suppress be and the same is GRANTED.

DONE AND ORDERED this 13th day of June, 1986.