504 So.2d 758 (1987)
STATE of Florida, Petitioner,
v.
Richard STRONG, Respondent.
No. 66964.
Supreme Court of Florida.
April 2, 1987.
Robert A. Butterworth, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for petitioner.
*759 Corey E. Hoffman, Court-Appointed Sp. Asst. Public Defender, South Miami, for respondent.
OVERTON, Justice.
This is a petition to review Strong v. State, 465 So.2d 549 (Fla. 3d DCA 1985), in which the district court reversed defendant's manslaughter convictions, holding the admission of blood test evidence violated section 316.1932(1)(f)2, Florida Statutes (Supp. 1982). We find conflict with State v. Bender, 382 So.2d 697 (Fla. 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We find the trial court properly admitted the evidence and, accordingly, quash the district court decision.
After an automobile collision causing two deaths, the driver, Strong, was taken to a hospital where a noncertified lab technician removed blood for testing. The blood was drawn only for medical purposes and not in furtherance of a criminal or accident investigation. The state subsequently obtained a lawful search warrant and seized the blood samples and resulting tests from the medical personnel. The trial court denied Strong's motion to suppress this evidence, and the state submitted the blood samples and tests to establish the presence of alcohol in Strong's blood. Based on this evidence, Strong was convicted of two counts of manslaughter.
The Third District Court of Appeal reversed Strong's manslaughter convictions, finding that the blood samples and tests were inadmissible under section 316.1932(1)(f)2. That section provides in pertinent part:
Only a physician, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician ... acting at the request of a law enforcement officer, may withdraw blood for the purpose of determining the alcoholic content thereof....[1]
The district court reasoned that, because Strong's blood was not taken pursuant to the request of a law enforcement officer or drawn by authorized medical personnel, the blood samples and tests should have been suppressed. We disagree.
In this action, Strong does not challenge the validity of the search warrant or the seizure of blood samples and tests. He argues that section 316.1932(1)(f)2 establishes the procedures which must be followed when blood is taken to render the samples and tests admissible as evidence. Further, he contends that this section provides the only procedure by which the state may invade a person's privacy to draw blood.
We reject Strong's asserted per se rule that no blood test may be admitted in evidence without fulfilling the technician qualification requirements of section 316.1932(1)(f)2. As stated in State v. Bender, qualification requirements for technicians are to protect drivers required to take blood tests under the implied consent law.[2] The present implied consent statutes, sections 316.1932, 316.1933, and 316.1934, Florida Statutes (1985), require a medical technician to possess a valid Department of Health and Rehabilitative Services permit and direct the Department to approve methods by which blood taken should be tested. Under this statutory scheme, once the state establishes that a certified technician conducted an approved test, it is relieved of the traditional evidentiary burden of establishing (1) the reliability of the test, (2) the qualifications of the technician, and (3) the meaning of the test results. The sole purpose of section 316.1932(1)(f)2 is for the protection of drivers whom the government requires to give blood samples under the implied consent law. We find the legislature did not intend this statutory safeguard of the implied consent law to apply to all blood tests offered as evidence.
In this case, the state did not request the taking of Strong's blood under *760 the implied consent law, and the state is not claiming, nor may it claim, the presumptive validity or meaning of the blood test in accordance with those statutory provisions. We hold that, if a defendant, or someone on his behalf, requests blood to be taken and tested, the test samples and results are subject to seizure by a proper warrant or disclosure by discovery, the same as other scientific tests providing material and relevant evidence. Further, either the state or the defendant may have the blood test evidence admitted on establishing the traditional predicates for admissibility, including test reliability, the technician's qualifications, and the test results' meaning.
In conclusion, we hold that section 316.1932(1)(f) is not implicated because the implied consent law, of which that section is a part, is not involved under the facts of this case. We agree with the trial court that Strong's blood samples and tests were admissible and remand this cause with directions to reinstate his convictions.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
NOTES
[1] We note the legislature has since modified this statute to reflect that "the failure of a law enforcement officer to request the withdrawal of blood shall not affect the admissibility of a test of blood withdrawn for medical purposes."
[2] Bender interpreted sections 322.261 and 322.262, Florida Statutes (1977). In 1982, the legislature amended and renumbered these sections to form the present implied consent law.