522 So.2d 42 (1988)
STATE of Florida, Appellant,
v.
Nicholas QUARTARARO, Appellee.
No. 86-2113.
District Court of Appeal of Florida, Second District.
January 27, 1988.
Rehearing and Rehearing Denied March 22, 1988.
*43 Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellant.
Marc H. Salton, New Port Richey, for appellee.
Rehearing and Rehearing En Banc Denied March 22, 1988.
DANAHY, Chief Judge.
The question we must decide is whether otherwise reliable blood alcohol test results are admissible evidence in a prosecution for DUI manslaughter where the blood sample was withdrawn by a person not authorized to do so by section 316.1933, Florida Statutes (Supp. 1986). That statute authorizes the withdrawal of blood under certain circumstances by a certified paramedic who is present at the scene of an accident for the purpose of rendering emergency medical service or treatment. In this case, blood was withdrawn by a certified paramedic present at the scene of the accident, but who was not there for the purpose of rendering medical service or treatment and did not, in fact, render any medical service or treatment. Because of that, the trial judge ruled that the blood alcohol test results from the sample withdrawn by the paramedic were not admissible into evidence and granted the appellee's motion to suppress the test results as evidence in this case. The state appeals; we reverse.
The appellee was charged with two counts of DUI manslaughter in connection with the deaths of two persons in a vehicle-pedestrian accident. Florida Highway Patrol Trooper Nelson Allemany investigated the incident. Upon arrival, Trooper Allemany located the appellee and identified him as the driver of the vehicle. Trooper Allemany detected alcohol on the appellee's breath and advised the appellee that he was beginning a criminal investigation because he suspected the appellee of driving under the influence of alcohol. The appellee took several field sobriety tests involving coordination and failed all but one of those tests. Paramedic William Arnold, who had been called to the scene, took a blood sample from the appellee apparently at Trooper Allemany's request. The parties are at odds over the question whether the appellee gave his express consent to the withdrawal of a sample of his blood. Under our analysis, the question of the appellee's consent, express or implied, is irrelevant.
We first consider the constitutional implications of this scenario. The withdrawal of blood to determine alcohol content constitutes a "search" within the meaning of the Fourth Amendment to the United States Constitution. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The Florida Constitution, in section 12 of article I, also provides protection to persons against unreasonable searches and seizures. In 1982, the people of the State of Florida adopted an amendment to section 12 providing that the right described therein shall be construed in conformity with the Fourth Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Section 12 now specifically provides that articles or information obtained in violation of section 12, article I, shall not be admissible into evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the Fourth Amendment to the United States Constitution. The Supreme Court of the United States has held that there is no violation of Fourth Amendment protections when an officer has probable cause to believe *44 that an individual has driven an automobile under the influence of intoxicating liquor and directs that a blood sample be withdrawn from that individual for purposes of a blood alcohol test, even over the objections of that individual. Therefore, since the blood sample is constitutionally obtained, the test results are admissible into evidence. Schmerber.
The Florida legislature covered some of the same ground as Schmerber in the enactment of section 316.1933. Subsection (1) of that section provides that notwithstanding any recognized ability to refuse to submit to the tests provided in section 316.1932 (the implied consent law) or any recognized power to revoke the implied consent to such tests, if a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages has caused the death or serious bodily injury of a human being, such person shall submit, upon the request of a law enforcement officer, to a test of his blood for the purpose of determining the alcoholic content thereof. Subsection (2)(a), however, contains the same provision as in section 316.1932(1)(f)2, describing those persons who may withdraw blood for the purpose of such a test.
The question, then, is whether, in a situation within the scope of section 316.1933, blood alcohol test results are admissible into evidence when taken by persons other than those described in section 316.1933(2)(a). The state vigorously argues for the affirmative, relying on the recent decision of the Florida Supreme Court in State v. Strong, 504 So.2d 758 (Fla. 1987). In that case, the court held that blood alcohol test results based on a blood sample taken outside the parameters of section 316.1932 may nevertheless be admitted into evidence upon the establishment of the traditional predicates for admissibility of scientific tests, including test reliability, the technician's qualifications, and the test results' meaning. In Strong, a noncertified lab technician removed blood from Strong for testing at the hospital to which Strong was taken after an automobile collision. The state obtained the blood samples and the resulting tests by means of a lawful search warrant. The supreme court rejected Strong's contention that this evidence was inadmissible because the technician qualification requirements of section 316.1932(1)(f)2 were not met.
Drawing upon Strong for a similar conclusion under section 316.1933, the state posits that if a blood test otherwise qualifies for admissibility under the Schmerber rule and is proved to have been taken by a person medically qualified to take blood, and is shown to have been taken in a medically-approved manner shown to be reliable for alcohol blood testing purposes, the tests should be admitted into evidence even if the sample was obtained in a nonstatutory manner. We agree with the state's reasoning.
We do not believe that the legislature intended section 316.1933 to have the effect of an exclusionary rule requiring suppression of evidence which has been constitutionally obtained by the state. Therefore, we hold that if Trooper Allemany had probable cause in this case to believe that the appellee was driving a vehicle involved in a fatal traffic accident while the appellee was under the influence of intoxicating liquor, the withdrawal of a blood sample from the appellee by paramedic Arnold was proper, and the blood alcohol test results based on that sample are not subject to suppression by application of the provisions of section 316.1933(2)(a). The trial judge in this case did not have the benefit of the decision in Strong when he granted the appellee's motion to suppress and he did not consider the question whether Trooper Allemany had probable cause because it was unnecessary for him to do so under his reading of the statute. We defer to the trial judge for determination whether there was probable cause. Thus we reverse and remand for further proceedings on that question. Our holding requires that the trial judge deny the appellee's motion to suppress if he finds that there was probable cause.
*45 Reversed and remanded for further proceedings.
CAMPBELL and SCHOONOVER, JJ., concur.