SCHOONOVER, Judge.
The State of Florida has appealed an order granting the appellee’s motion to suppress the results of a blood alcohol test. We reverse.
*726 After the appellee, David Leo Lendway, was involved in a motor vehicle accident resulting in a death, he was taken to the emergency room at Naples Community Hospital. As part of the appellee’s treatment, the emergency room physician ordered a blood alcohol test. The appellee was subsequently charged with DUI manslaughter, and the results of his blood test were subpoenaed by the state.
The appellee filed a motion to suppress the results of the blood test on the grounds that neither the person who drew the blood nor the method used to draw and test the blood were authorized. See § 316.1932(l)(f)(2), Fla.Stat. (1985); Fla.Admin.Code Rules 10D-42.28 and 10D-29(3). At the conclusion of the hearing on the motion, the trial court granted the motion to suppress. In the order granting the motion, the court found that the test performed on the appellee’s blood was generally accepted in the medical community, is scientifically reliable, and would, other than for the order, be admissible into evidence. The order also specified, however, that the person who drew the blood was not authorized to do so under the statute and that the blood was not properly collected and tested under the applicable rules of the Florida Administrative Code. The results of the blood test were accordingly suppressed, and this timely appeal followed.
Om appeal, the appellee has advanced several reasons why the order suppressing the evidence should be affirmed in addition to the grounds set forth in his motion and argued to the trial court. Since the arguments were not presented to the trial court and do not relate to the question we are called upon to answer, we do not consider them at this time.
Our disposition of this matter is controlled by State v. Strong, 504 So.2d 758 (Fla.1987), which was decided after the trial court ruled in this matter. In Strong, the supreme court rejected an argument that a blood test may be admitted into evidence only when the technician qualification requirements of section 316.1932(l)(f)(2), Florida Statutes (Supp.1982), have been fulfilled. The court stated that the sole purpose of section 316.1932(l)(f)(2) is to protect drivers whom the government requires to give blood samples under the implied consent law, now contained in sections 316.-1932, 316.1933, and 316.1934, Florida Statutes (1985). The court went on to explain that under the statutory scheme, once the state establishes that a certified technician conducted an approved test, the state is relieved of the traditional evidentiary burden of establishing (1) the reliability of the test, (2) the qualifications of the technician, and (3) the meaning of the test results. On the other hand, the presumptive validity or meaning of the test results may not be claimed if the blood is not taken pursuant to the implied consent law or if the requirements of the implied consent law are not met.
The Strong court specifically found that the legislature did not intend the protection provided by section 316.1932(l)(f)(2) to apply to all blood tests offered as evidence. Thus, if a defendant or someone on his behalf requests blood to be taken and tested, the test samples and results are subject to seizure by a proper warrant or disclosure by discovery, the same as other scientific tests providing material and relevant evidence. Strong. Furthermore, either the state or the defendant may have the blood test evidence admitted after establishing the traditional predicates for admissibility, including test reliability, the technician’s qualifications, and the meaning of the test results. Strong. See also, State v. Quartararo, 522 So.2d 42 (Fla. 2d DCA 1988).
We hold, therefore, that although the state is not entitled to claim the benefits of any presumptions to which it would have been entitled had the requirements of section 316.1932(l)(f)(2) and the applicable administrative rules been met, the results of the appellee’s blood test may still be admitted if the state can establish the traditional predicates for admissibility of this evidence at trial. We, accordingly, reverse the trial court’s order granting the appellee’s mo *727 tion to suppress and remand for proceedings consistent herewith.
Reversed and remanded.
DANAHY, C.J., and CAMPBELL, J., concur.