SMITH, Chief Judge.
The state has appealed an order suppressing blood alcohol results in this prosecution against appellant for two counts of manslaughter. We reverse.
These facts were stipulated by the parties before the trial court: Appellant was involved in an automobile collision which resulted in the death of two people. Suffering from serious injuries, he was taken to the hospital where blood was drawn at the direction of the emergency room physician. Various medical tests were performed including a test to determine the alcohol content of appellant’s blood. The blood alcohol test was performed according to hospital procedures but not necessarily according to rules and regulations of the Department of Health and Rehabilitative Services (HRS). Further, while the blood was drawn by an experienced technician, the technician was not one qualified under section 316.1932(l)(f)2., Florida Statutes (1985).
The basis of appellant’s motion to suppress was that the blood drawn at the hospital was drawn for medical purposes; that the technician who drew the blood was not licensed by the Florida Department of HRS, as required by section 316.-1932(l)(f)2.; and that the blood was not tested according to HRS rules and regulations which is required by section 316.-1932(l)(f)l. In granting the motion to suppress, the trial court stated:
If this Court were free to rule upon these issues on first impressions, this court would be disposed to permit the State subject to the establishment of a proper predicate and foundation for the admission of scientific evidence generally to submit its evidence to the jury together with expert opinion as to the meaning or significance of the blood alcohol level obtained through the methods pursued.
Nevertheless the court felt constrained because of decisions of this court and other district courts of appeal to grant the motion to suppress. See Strong v. State, 465 So.2d 549 (Fla. 3rd DCA 1985); and Campbell v. State, 423 So.2d 488 (Fla. 1st DCA 1982).
Subsequent to the trial court’s order, the Florida Supreme Court decided State v. Strong, 504 So.2d 758 (Fla.1987). Just as in this case, Strong’s blood test was taken by a non-certified lab technician for medical purposes and not in furtherance of a criminal or accident investigation. The state subsequently obtained a lawful search warrant and seized the blood samples and resulting tests from the medical personnel. The trial court permitted this evidence at Strong’s subsequent trial and he was convicted of two counts of manslaughter. The Third District Court of Appeal reversed, holding that the blood samples and tests were inadmissible under section 316.-1932(l)(f)2. The Supreme Court quashed *733 the appellate court’s decision, rejecting Strong’s contention that no blood test may be admitted in evidence without fulfilling the technician qualification requirements of section 316.1982(l)(f)2. The court explained that the present implied consent statutes, section 316.1932, 316.1933, and 316.1934, Florida Statutes (1985), permit the state to introduce test results without meeting the traditional evidentiary burdens of establishing (1) the reliability of the test, (2) the qualifications of the technician, and (3) the meaning of the test results, once the state has established that a certified technician conducted an approved test under the statutes. However, the court found that the Legislature did not intend the statutory safeguards of the present implied consent law to apply to all blood tests offered as evidence, but only those tests where the blood was taken by request of the state pursuant to authority for the taking of a blood sample conferred by the statute. Said the court:
In this case, the state did not request the taking of Strong’s blood under the implied consent law, and the state is not claiming, nor may it claim, the presumptive validity or meaning of the blood test in accordance with those statutory provisions. We hold that, if a defendant, or someone on his behalf, requests blood to be taken and tested, the test samples and results are subject to seizure by a proper warrant or disclosure by discovery, the same as other scientific tests providing material and relevant evidence. Further, either the state or the defendant may have the blood test evidence admitted on establishing the traditional predicates for admissibility, including test reliability, the technician’s qualifications, and the test results’ meaning.
Strong, 504 So.2d at 759-60.
Accordingly, we reverse and remand for further proceedings. Upon remand, the state must show that the reports or findings based on the examination of the appel-lee’s blood sample were seized by a proper warrant or disclosure by discovery and then the blood test evidence may be admitted subject to the establishment of a proper predicate and foundation for the admission of scientific evidence as stated in Strong.
REVERSED and REMANDED.
ERVIN and NIMMONS, JJ., concur.