## STATE OF FLORIDA v STONE

Case No. 88-036116 TC A02

County Court, Palm Beach County

May 11, 1989

### APPEARANCES OF COUNSEL

**Fanny Sheiman,** Assistant State Attorney, for plaintiff.

**Michael A. Nugent,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress the results of his breath/alcohol test, and the Court having taken evidence and heard argument of counsel, hereby denies the motion.

On a video recording of the testing procedures in the above case, the Defendant, who appeared to be intoxicated, after being refused the

opportunity to call a lawyer, kept questioning the police officer regarding his legal options. The interaction between the officer and the Defendant took a relatively long period of time, during which the officer appeared to be very patient in trying to answer the Defendant's questions. On the other hand, the Defendant appeared, to the Court, to be playing games and attempting to find a way to avoid taking the breath test. Toward the end of their interaction, the officer, who had become less patient, misstated the law as it relates to the legal consequences of a refusal to take breath test. In essence he told the Defendant that if he refused the test his license would be automatically suspended, with no right to a work permit, nor recourse in Court regarding the suspension. Thereafter the Defendant agreed to take the breath test.

The Defendant asserts that since he was denied the right to speak with an attorney and misled regarding the law as it relates to refusing to take a breath test, the test results should not be admitted into evidence. There was no assertion, nor reason to believe, that the officer lacked probable cause to make the arrest.

Clearly the officer misstated the law and it appears that this misstatement induced the Defendant to take the test. However there is no evidence nor reason to believe that the officer intentionally misstated the law. Throughout the proceedings he appeared to be very patient and trying to be helpful to the Defendant who was clearly befuddled by some sort of intoxicant.

In the case of *State v Young,* 483 So.2d 32 (5th DCA 1986) the Court held that the warnings given to the Appellee that he had no right to refuse the test " . . . were not so misleading as to render the results of the chemical test inadmissible." The Court went on to say that there is not a true legal right to refuse a breath test, only an option to refuse, having negative consequences.

In the factually distinct case of *Pardo v State,* 429 So.2d 1313 (5th DCA 1983), the Court held that the failure of the police to warn the Defendant that a refusal to take a blood test would result in the suspension of his license did not effect the admissibility of the Defendant's blood test results in reaching its decision, the Court stated,

. . . we do not read (chapter 316.193, et seq.) to constitute a limitation on the admissibility of any competent evidence that would otherwise be admissible in any civil or criminal case in the absence of these statutes.

The Second District Court of Appeals, in the factually distinct case of *State v Quartararo,* 522 So.2d 42 (2d DCA 1988), went so far as to

hold, in effect, that if there is probable cause to believe that the Defendant was driving under the influence, there is no Constitutional infirmity in taking blood from the Defendant over his/her objection even in violation of Chapter 316.193. The Court based its decision on *Schmerber v California,* 384 U.S. 757 (1966). The Court went on to state,

We do not believe that the legislature intended section 316.1933 to have the effect of an exclusionary rule requiring suppression of evidence which has been constitutionally obtained by the State.

This Court in a recent case held that where a police officer improperly threatens to have the Defendant incarcerated for the weekend if he refuses to take a breath test, the test result must be suppressed due to a violation of his Constitution right to the Due Process of Law. *State v Henry,* 88-26068 TC A02.

In *Henry,* as opposed to the case at bar, a fundamental right of the Defendant's, the right to liberty, was threatened with being deprived without the due process of law, in violation of the Florida and U.S. Constitutions. In the case at bar, the Defendant was merely misinformed regarding the full legal consequences he would suffer, and recourse that he would have, upon a refusal to take the breath test. The Defendant's interest in being able to drive an automobile does not rise to the level of being a fundamental right, and is not one which has been recognized as being protected by the Florida or U.S. Constitutions.

As to the Defendant's complaint that he was not afforded the opportunity to consult with an attorney prior to making his decision whether to take the breath test, it is settled law that he has no such right at that stage of the proceedings. *State v Hoch,* 500 So.2d 597 (3d DCA 1986); *Nelson v State;* 508 So.2d 48 (4th DCA 1987)

DONE AND ORDERED, in West Palm Beach, Florida, this 11th day of May, 1988.