# STATE OF FLORIDA v HUDSON

Case No. 88-18544 TC A02

County Court, Palm Beach County

June 9, 1989

## APPEARANCES OF COUNSEL

**Dale Galo,** Assistant State Attorney, for plaintiff.
**Barry M. Cohen,** for defendant.

## OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress the results of a blood test, and the Court having heard testimony of witnesses, and argument of counsel, hereby grants the motion.

The facts of this case as stipulated are that the Defendant was involved in an accident and transported to a Palm Beach County Fire/Rescue Station where a blood sample was requested of him. The Defendant initially refused to submit, whereupon the Trooper advised him that a refusal would, pursuant to the implied consent law, result in a suspension of his driving privilege. Thereupon, the Defendant consented to the test. There was no evidence presented that the accident

resulted in the death or serious bodily injury of another person, nor that the Defendant had appeared at a hospital, clinic, or other medical facility for treatment for injuries sustained in the accident and that a breath test was impossible or impractical.

The Defendant cites *State v Burnett,* 536 So.2d 375 (Fla. 2d DCA 1988) which is, in pertinent part, indistinguishable from the case at bar. In *Burnett,* the Defendant while in police custody was injured. Due to his injuries, he was asked to submit to a blood test, which he refused. Thereafter, both at the jail and later at the hospital, he was informed that if he refused, his drivers license would be suspended, whereupon he consented. The Court, in affirming the trial Court's decision to suppress, held that since the Defendant wasn't injured as a result of an automobile accident, it was improper, under 316.1932(1)(c), to give the Defendant his "implied consent" warnings. The Court held further, that these warnings vitiated any consent that he gave.

The State cites, inter alia, the factually distinct case of *State v Quartararo,* 522 So.2d 42 (Fla. 2d DCA 1988) and *Pardo v State,* 429 So.2d 1313 (Fla. 5th DCA 1983) in support of their position that if there is probable cause to believe that a suspect was driving under the influence and a blood/alcohol test is taken in a scientifically reliable manner, the results are admissible, notwithstanding any noncompliance with the procedures in 316.193 et seq. In fact, a reading of the broad language in both cases could easily lead one to that conclusion.

The Fifth District Court of Appeal in *Pardo, supra,* stated:

. . . we do not read (chapter 316.193 et seq.) to constitute a limitation on the admissibility of any competent evidence that would otherwise be admissible in any civil or criminal case in the absence of these statutes.

Interestingly, the Second District, which rendered the *Burnett* decision, *supra,* also broadly stated, as their ratio decidendi in the earlier *Quartararo* case, that:

We do not believe that the legislature intended section 316.1933 to have the effect of an exclusionary rule requiring suppression of evidence which has been constitutionally obtained by the State.

Other cases cited by the State *[State v Strong,* 504 So.2d 758 (Fla. 1987); *Drury v Harding,* 443 So.2d 360 (Fla. 1st DCA 1983) etc.] contain equally broad language which has, up until this Court's reading of *Burnett, supra,* led this Court to believe, and to so rule, that chapter 316.193 et seq. could pretty much be disregarded, and any competent test results could be used as evidence at trial as long as probable cause existed.

However a review of these cases, leads the Court to change its opinion. The facts of the cases cited by the State are, in pertinent part, distinguishable from both the case at bar and *Burnett.* None of the facts of the cases cited deal with the taking of blood in a situation where consent was coerced [although the language of several cases suggests that consent is not necessary if there is probable cause, i.e., *Quartararo, Drury,* and *Bender, supra,* all of which cite *Schmerber v California,* 384 U.S. 757 (1966) as authority therefore].

In *Pardo, supra,* the Court allowed results of blood tests admitted where the implied consent warnings were not given. In *Strong, supra,* test results were admissible were blood was drawn for medical purposes in nonconformity with the procedures of 316. In *Quartararo, supra,* the blood sample was drawn by an individual not authorized to do so by 316.1933. In *Chu v State,* 521 So.2d 330 (Fla. 4th DCA 1988), blood test results were determined to be admissible, though taken outside the scope of 316.193 et seq., specifically because the Defendant made a knowing and intelligent consent to having his blood withdrawn in lieu of his taking a breath test.

All of the State's cases offered in support of their argument that blood may be drawn over a Defendant's objection, outside of the scope of 316.193 et seq., rely on *Schmerber, supra.* But the Court in *Schmerber* specifically ruled that the taking of blood was a search within the meaning of the Fourth Amendment to the U. S. Constitution, and that an intrusion into a suspect's body to withdraw blood without a warrant is only justified where exigent circumstances exist.

In *Schmerber,* the Appellant, who had previously refused a breath test, was being treated in a hospital as a result of an automobile accident, and the Court found that although a warrant would normally be necessary, it decided that:

> [t]he officer . . . might reasonably have believed that he was confronted with an emergency, in which the delay to obtain a warrant . . . threatened the ' "destruction of evidence" ' . . . . Particularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate (an accident), there was no time to . . . insecure a warrant. . . . We thus conclude that the present record shows no violation of (the Fourth Amendment). It bears repeating, however, that we reach this judgment only on the facts of the present record. . . . That we today hold that the Constitution does not forbid the States minor intrusion into an individual's body under stringently limited conditions in no way indicates that it permits . . . intrusions under other conditions.

192

In the instant case, there were no exigent circumstances presented to the Court that would allow the Defendant's blood to have been Constitutionally drawn absent his consent. Since the Defendant was told, incorrectly, that his refusal to take a blood test would result in a suspension of his license, his subsequent acquiescence cannot be held to be consent. Therefore, pursuant to the holding in *Burnett, supra,* the blood test results in the Defendant's case must be suppressed.

DONE AND ORDERED, in West Palm Beach, Florida, this 9th day of June, 1989.