## STATE OF FLORIDA v HODGSON
### Case No. 85-0036AC
Seventeenth Judicial Circuit, Broward County
November 3, 1989

### APPEARANCES OF COUNSEL

**James P. McLane,** Assistant State Attorney, for appellant.
**Jon H. Gutmacher,** for appellee.

### OPINION OF THE COURT

RICHARD D. EADE, Circuit Judge.

THIS CAUSE having come before this Court upon an appeal of the Trial Court's granting of the Appellee's Motion for Suppression, and the Court having received and reviewed appellate briefs, and being fully

advised in the premises, makes the following findings of facts and conclusions of law:

## FINDINGS OF FACTS:

1. On August 15, 1984 the appellee, William Hodgson, was arrested for driving under the influence contrary to F. S. § 316.163(1)(b). One breathalyzer test was administered to the defendant on this same date.

2. On October 23, 1984 HRS (Dept. of Health and Rehabilitative Services) Rule 10-D-42.211(4) was amended to require that two breath tests be administered.

3. On April 24, 1985, appellee filed a motion for suppression which was granted on April 30, 1985. The State filed a Notice of Appeal on May 6, 1985.

## BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. In *Drury v Harding,* 443 So.2d 360 (Fla. 1DCA 1983) the district court held that HRS rules are procedural in nature and were to be applied retroactively. However, the issue was certified to the Supreme Court. The Supreme Court in *Drury v Harding,* 361 So.2d 104 (Fla. 1984) quashed the portion of the district opinion which held the HRS rules retrospective.

B. The Seventeenth Judicial Circuit in *Feely v State,* 18 Fla. Supp.2d 163 (Fla. 17th Cir. 1985) held in accordance with the Supreme Court, that a retrospective application of HRS rules is not warranted. HRS rules adopted subsequent to an arrest should not be applied retroactively to arrests made prior to their adoption. *State v Polikan,* 18 Fla. Supp.2d 144 (Fla. 17th Cir. 1986).

C. A court will not interpret or construe a statute that would lead to an unreasonable or ridiculous conclusion or result designed by legislature. *Drury v Harding,* 461 So.2d 104 (Fla. 1984); *Witt v State,* 387 So.2d 922 (Fla. 1980).

D. Accordingly, I find that the trial court erred in holding that the HRS rules are to be applied retrospectively to the arrest. Modification of a HRS rule does not result in a retroactive application of the rule to events which occurred prior to the adoption of the rule.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Granting of Defendant's Motion to Suppress is hereby REVERSED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 3rd day of November, 1989.