PER CURIAM.
The county court for Orange County certified the following two questions to this court as involving matters of great public importance:
I. ARE THE CURRENT HRS RULES CONCERNING BREATH TESTING SUFFICIENT TO SUBSTITUTE FOR THE TRADITIONAL PREDICATE FOR THE ADMISSION OF BREATH TEST RESULTS?
II. IS THE COUNTY COURT IN A PROSECUTION FOR DRIVING UNDER THE INFLUENCE A PROPER FORUM WITHIN WHICH THIS QUESTION MAY BE DECIDED?
We answer the first question in the negative and the second in the affirmative. These questions were basically answered in State v. Reisner, 584 So.2d 141 (Fla. 5th DCA 1991). However, the first question posed in the instant appeal has been modified from that posed in Reisner to include a reference to “the traditional predicate for admission of breath test results.”
The first two questions in Reisner were posed in an extremely broad fashion, and it now appears from the language of the question posed in the instant appeal that, we might have considered narrowing our earlier response since it implies that the state may be precluded from using breath test results in a criminal trial. The absence of any suggestion in the record, briefs, arguments, or certified question in Reisner suggesting that our response might be qualified led us to the straight yes and no responses.
The language used in the first question in the instant appeal suggests that breath test results may be admissible by another route, the so-called “traditional predicate.” Surprisingly, neither of the parties briefed or discussed that route and we are reluctant to address that implied issue in the absence of an expression of interest and views by advocates. We do note, however, that dicta from opinions of the supreme court relating to blood alcohol tests suggest that evidence of blood alcohol content may still be admissible without reference to sections 316.1932 through 316.1933, Florida Statutes. E.g., Miller v. State, 1991 WL 325874 *2, 16 F.L.W. S627, 628 (Fla. September 27, 1991) (“[W]e must disagree with the suggestion ... that the admissibility of blood-alcohol test evidence is determined solely by reference to sections 316.1932 and 316.1933, Florida Statutes (1987). This evidence continues to be subject to all other applicable precedent and rules regarding the admissibility of evidence.”); see also State v. Strong, 504 So.2d 758 (Fla.1987).
The second question concerns the jurisdiction of the county courts to determine the evidentiary issues arising during the course of criminal proceedings and was answered by Reisner.[1]
SHARP, W., PETERSON, and GRIFFIN, JJ., concur.

. See State v. Westerberg, 16 F.L.W. C149 (Fla.Pinellas County Court July 19, 1991), for an extensive analysis of the issue of county court jurisdiction.