## HERCULES POWDER CO. v. BANNISTER.
### No. 10678.

United States Court of Appeals .
Sixth Circuit.
Dec. 15, 1948.

Paul Campbell, of Chattanooga, Tenn. (Finlay & Campbell, of Chattanooga, Tenn., on the brief), for appellant.

E. B. Baker, of Chattanooga, Tenn. (E. B. Baker, Harry J. Schaeffer and Joe N. Hunter, all of Chattanooga, Tenn., on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Hercules Powder Company has appealed from a judgment on the verdict of a jury awarding appellee $8,000 damages for personal injury. The injury sustained by appellee was an occupational disease, contact dermatitis, resultant from exposure to concentrated acids while appellee was in the employ of appellant. His hands were seriously injured.

The record discloses that the verdict of the jury was grounded upon substantial evidence of negligence on the part of Hercules Powder Company as the proximate cause of appellee's injury. Moreover, we consider that the jury was privileged under the proof to reject the defenses of contributory negligence and assumption of risk.

The principal argument advanced by appellant is that the action is

barred by the one-year statute of limitation of Tennessee. Code, § 8595. The issue depends upon whether the trial judge correctly applied the doctrine of continuing negligence as suspending the operation of the statute of limitation. Appellant cites the following Tennessee cases: Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140; Bodne v. Austin, 156 Tenn. 366, 2 S.W.2d 104; Tennessee Eastman Corporation v. Newman, 22 Tenn.App. 270, 121 S.W.2d 130; Brown v. Tennessee Consolidated Coal Co., 19 Tenn.App. 123, 83 S.W.2d 568; Hercules Powder Company v. Brown[1] (unreported Tenn.App. case), decided June 28, 1945. None of these cases convinces us that the district court erred in the instant case in submitting to the jury, under appropriate instructions, the issue of fact pertaining to the effect of continuing negligence upon the running of the statute of limitation. In substance, the charge was that, if the jury believed that the negligence of appellant was the continuing cause of the injury, the statute of limitation did not begin to run as long as the negligence continued, or until the termination of the employment. Appellee quit working for appellant in December, 1945, and brought his action in September, 1946: that is, within a one-year period.

In Goodall Co. v. Sartin, 6 Cir., 141 F.2d 427, 435, certiorari denied 323 U.S. 709, 65 S.Ct. 34, 89 L.Ed. 571, we reviewed the Tennessee authorities, and held that a tort action was not barred by the Tennessee statute of limitation, where the action was brought by an employee against her employer for personal injuries caused by working in a room insufficiently equipped to remove impure air containing starchy dust, in violation of Tennessee statutes, within one year from the time the employee ceased breathing the dust. For further citations, see Holliston Mills v. McGuffin, 177 Tenn. 1, 145 S.W.2d 1, 146 S.W.2d 357, and Steiner v. Spencer, 24 Tenn. App. 389, 145 S.W.2d 547.

■ The unreported opinion copied into the reply brief of appellant, Hercules Powder Co. v. Brown[1] (decided by the Tennessee Court of Appeals on June 28, 1945), is plainly differentiable on its facts. In the instant case, upon the whole proof, a jury issue of fact was presented as to when the statute of limitation began to run. This issue was decided against appellant and there was substantial evidence to support the jury's finding, which was upheld by the district judge.

The judgment of the district court is affirmed.

---

[1] No opinion for publication.