92 So.2d 169 (1956)
SEABOARD AIR LINE RAILROAD COMPANY, a Corporation, Appellant,
v.
Mary P. HOLT, as widow and substitute appellee for Henry M. Holt, Deceased, Appellee.
Supreme Court of Florida. Special Division B.
November 7, 1956.
Rehearing Denied February 5, 1957.
Fowler, White, Gillen, Yancey & Humkey, Cody Fowler, Walter Humkey and James E. Thompson, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, William S. Frates, William R. Colson and Sam Daniels, Miami, for appellee.
PER CURIAM.
This case is very similar on its facts to Seaboard Air Line Railroad Company v. Ford, Fla., 92 So.2d 160, opinion on rehearing filed this day. Both Holt and Ford were employed in the defendant's Diesel locomotive shop in Hialeah, Florida, and both developed a skin disease in 1947, the exact cause of which was not diagnosed until 1951. On this appeal, complaints are made by the defendant as to the improper conduct of counsel and as to error in admitting into evidence the interrogatories propounded to the witness Bailey in connection with the instant suit, and which were used in the Ford suit to "refresh the recollection" of the witness. The question of whether the three-year statute of limitations begins to run against an employee's claim at the time he knew or should have known he had an occupational disease (although the exact cause was not determined *170 until a later date) also appears in this case, although the parties argue the additional question of whether the entire claim for an occupational disease of the kind here involved (contact dermatitis) is barred by failure to file suit within three years from the date when the employee knew or should have known that his disease was occupational in origin, even though diagnosis of the exact cause of the disease was not then made.
Assignments of error similar to those made in the Ford case relating to the trial judge's refusal to give certain instructions requested by the defendant, are also made here. And there is another question, not presented in the Ford case, as to the misconduct of a juror who is alleged to have given false and misleading answers on his voir dire.
As to the question relating to the three-year statute of limitations, our opinion in the Ford case disposes of all except defendant's contention that the plaintiff Holt's entire claim was barred by his failure to file his suit within three years from the date when he knew or should have known that his skin disease was occupational in origin. In Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, the United States Supreme Court declined to hold that the plaintiff's cause of action accrued from day to day during the continuance of the defendant's negligence that eventually resulted in an occupational disease (silicosis) and held that the plaintiff was entitled to recover for all his injuries and not just for those traceable to his employment during the three-year period immediately preceding his filing of suit. But we do not construe that opinion as holding that the plaintiff in that suit could not have recovered for the latter injuries, even if his suit had been filed more than three years from the date he developed silicosis.
The negligence charged against the defendant here was a continuing tort, cf. Farrar v. St. Louis-S.F.R. Co., Mo. 1950, 235 S.W.2d 391. And we think plaintiff is entitled to compensation for damages resulting from such continuing negligence during his employment within the three years immediately preceding the filing of suit, even though it should be found by the jury (or as a matter of law under established principles) that the statute started running more than three years prior to the time of filing of suit. (The question of when the statute begins to run if the employee quits work or the unsafe condition is removed prior to the time the disease manifests itself and the plaintiff knew or should have known that it was occupational in origin, is not presented here. See on this question Farrar v. St. Louis-S.F.R. Co., supra, 235 S.W.2d 391.)
We hold, therefore, that the plaintiff's claim was not completely barred, even though it may have been filed more than three years from the time he knew or should have known that his dermatitis was occupational in origin. Whether the evidence showed this, as a matter of law, need not be decided, since the judgment must be reversed for reasons hereafter stated.
The assignment of error relating to the alleged misconduct of a juror arises out of the following facts: The juror, when examined on his voir dire by counsel for plaintiff, stated that he manufactured and sold chemical products and that just his son worked for him. He was then asked the following questions and gave the following answers:
"Q. Did you have any cases of dermatitis as a result of working with them? A. No.
"Q. This case involves a machinist with the Seaboard Air Line Railroad. That is Mr. Henry Holt, the plaintiff, contends that as a result of the use of a chemical substance which has a chromate compound in it, that he got this dermatitis. Did you have any such cases in your concern? A. No.

*171 "Q. Do you know whether or not you had any cases of dermatitis? A. Never."
After the verdict, it was discovered that the juror had a dermatitis at the time of the trial and had had it for more than 20 years. Upon his examination in connection with defendant's motion for new trial, based in part upon the alleged misconduct of the juror, the following colloquy occurred between the trial judge and the juror:
"Q. Let me ask you this: Did you base your judgment in this case in any regard upon the fact that you yourself had a bad skin condition? A. Well, in a way I would say yes; then again I couldn't say what his suffering was. I know if a man has a permanent skin disease, and he has  that was my logical point of it  if he got it out there, and according to the witnesses that went on the stand he did get it there ".
This court said in Loftin v. Wilson, Fla. 1953, 67 So.2d 185, 192, that "`It is the duty of a juror to make full and truthful answers to such questions as are asked him [on the voir dire], neither falsely stating any fact, nor concealing any material matter, since full knowledge of all material and relevant matters is essential to the fair and just exercise of the right to challenge either peremptorily or for cause. A juror who falsely misrepresents his interest or situation, or conceals a material fact relevant to the controversy, is guilty of misconduct, and such misconduct, is prejudicial to the party, for it impairs his right to challenge'", quoting Pearcy v. Michigan Mut. Life Ins. Co., 1887, 111 Ind. 59, 12 N.E. 98. While the granting of a new trial on the ground of misconduct of a juror is ordinarily within the sound discretion of the trial judge, we think that his denial of a new trial on this ground in the instant case comes perilously close to amounting to an abuse of his judicial discretion; and when considered cumulatively with other errors requires that the cause be submitted to another, and completely impartial, jury.
Here, the trial of the case, as in the Ford case, was made in a "more heat than light" atmosphere; and our views on this question, as stated in the Ford case, are equally applicable here. The trial here was also subject to the same infirmity as to the admissibility of the interrogatories answered by the witness Bailey as in the Ford case, discussed at length in our opinion on that appeal.
We have, therefore, concluded that the cumulative effect of the errors above mentioned require a re-trial of this case, under the authority of and for the reasons stated in the Ford case.
Accordingly, the judgment appealed from should be and it is hereby reversed under the authority of Seaboard Air Line Railroad Company v. Ford, opinion on rehearing filed this day, and the cause is remanded for a new trial in accordance with the opinions expressed herein and in Seaboard Air Line Railroad Company v. Ford, supra.
Reversed and remanded for new trial.
DREW, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.