PER CURIAM.
We grant the state’s petition for certiorari and quash the trial court’s order in limine which excluded from evidence respondent’s blood sample in his forthcoming trial upon the charge of DUI manslaughter. State v. Pettis, 520 So.2d 250 (Fla.1988).
The trial court applied inappropriate criteria by determining that the blood taken for medical purposes was not drawn or tested under procedures sufficient to ensure its reliability as criminal evidence; and that the blood sample was not maintained under a rehable chain of custody.
In State v. Strong, 504 So.2d 758, 760 (Fla.1987), a direct appeal taken upon the defendant’s manslaughter conviction, the court held that test results were properly admitted where the blood sample was drawn for a medical purpose by a qualified health care professional, and where the state establishes the traditional predicate for admissibility: the test’s reliability; the examiner’s qualifications; and the meaning of the test results.
This “medical purposes” admissibility test differs from the “legal purposes” test which focuses on the state’s substantial compliance with HRS’ relevant regulations as adopted by section 316.1933(2)(b). Strong, 504 So.2d at 759, 760; Michie v. State, 632 So.2d 1106, 1107-1108 (Fla. 2d DCA 1994).
In Strong, the supreme court held that the HRS regulations for admitting legal blood need not be complied with when the state seeks to admit into evidence the results of medical blood. To admit the results of legal blood, the state must comply with the methods approved by HRS. See generally, Fla. Admin. Code R. 11D-8.013. If there is substantial compliance with HRS’ regulations, and a result of .08 or more is obtained, that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired. § 316.1934(2)(c), Fla. Stat. (1995). See also Robertson v. State, 604 So.2d 783 (Fla.1992). The level of medical blood does not in and of itself supply any comparable prima facie evidence of impairment.
Accordingly, the reliability criteria as stated in Strong governs. With medical blood, the state must demonstrate that the technician is qualified and that the test is reliable. Additionally, the state must demonstrate the test results’ meaning. Through the phlebo-tomist, the lab technician and the computer coordinator, the state demonstrated all of the above in the present case. Accordingly, we *130 grant the state’s petition for writ of certiorari and quash the order in limine.
STONE, C.J., and GLICKSTEIN and KLEIN, JJ., concur.