GOSHORN, Judge.
In this case, the trial court dismissed Appellants’ suit for negligence based on its conclusion that the claims were barred by the applicable statute of limitations under the facts alleged in the complaint. However, we find that the complaint, though perhaps inartfully drafted, is ambiguous as to when the cause of action accrued and does not plainly show that the suit is beyond the four-year limitations period. Accordingly, the refusal to permit Appellants to amend their initial complaint was an abuse of discretion given Florida’s liberal rule governing amendments.[1] See Fla. R. Civ. P. 1.190; Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993) (“Under Florida Rule of Civil Proce *149 dure 1.190(a), refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.” (citation omitted)).
REVERSED and REMANDED for further proceedings.
COBB and W. SHARP, JJ., concur.

. Under the theory of continuing tort, dismissal of the complaint would have been error even if Appellants had not sought leave to amend to clarify that their suit was filed within the applicable limitations period. See generally Seaboard Air Line R.R. Co. v. Holt, 92 So.2d 169, 170 (Fla.1956) ("[P]Iaintiff is entitled to compensation for damages resulting from such continuing *149 negligence during his employment within the three years immediately preceding the filing of suit, even though it should be found by the jury (or as a matter of law under established principles) that the statute started running more than three years prior to the time of filing of suit.”).