724 So.2d 1218 (1998)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
FLEET FINANCIAL CORPORATION, et al., Appellee.
No. 98-612.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
Rehearing Denied January 13, 1999.
David H. Simmons and Patrick C. Howell of Drage, Debeaubien, Knight, Simmons, Romano & Neal, Orlando, for Appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for Appellee.
ANTOON, J.
In this declaratory judgment action, the trial court sua sponte entered a final summary judgment against State Farm Fire & Casualty Company (State Farm). We reverse because the court erred in failing to afford State Farm an opportunity to amend its complaint prior to entering its summary judgment order.
United Services Automobile Association and USAA Casualty Insurance Company (USAA) sued Fleet Financial Corporation, Inc., and United Claims Corporation, Inc., (Fleet), in federal district court claiming that Fleet had operated a scheme designed to defraud USAA and other insurers. Specifically, USAA alleged that various rental car operators had contracted with Fleet to process insurance claims resulting from vehicles damaged while rented, and that Fleet had systematically inflated the claims.
While USAA's federal action was pending, State Farm filed this declaratory judgment action in the circuit court seeking a determination as to whether it was obligated to defend or indemnify Fleet with regard to USAA's lawsuit. State Farm insured Fleet under a comprehensive business policy, and Tudor Insurance Company insured Fleet under an error and omission policy. Fleet filed an answer and affirmative defenses alleging that there was no present controversy to be decided because USAA's federal lawsuit had been settled.
State Farm moved for summary judgment. The day the motion was set for hearing, Fleet served State Farm with a motion to strike or abate. Although not timely noticed for hearing, the trial court allowed Fleet to argue its motion to strike. Fleet argued that the trial court lacked jurisdiction over the *1219 declaratory judgment action because USAA's federal lawsuit had been settled by the parties. State Farm responded by explaining that, although a settlement had been reached, the settlement agreement provided, among other things, that State Farm could reserve its right to continue its declaratory judgment action in the circuit court. State Farm also requested permission to amend its complaint so as to make reference to the settlement agreement. Upon consideration, the trial court denied State Farm's motion to amend stating:
I don't know, but most respectfully you-all can agree to whatever you want to, but that doesn't give me the power or authority to decide a case.
* * *
I'm sorry. I can't buy that. I simply cannot buy that you're entitled to settle a case on the condition that some judge decide that you didn't have a duty to defend. You know, you pay the money to get rid of the case, not to prolong the controversy.
The trial court thereafter entered final summary judgment in favor of Fleet, apparently persuaded that it lacked subject matter jurisdiction over the declaratory judgment action because the underlying federal lawsuit had been settled, and therefore, there was no justiciable controversy left pending. See Jacobs & Goodman, P.A. v. McLin, Burnsed, Morrison, Johnson & Robuck, P.A., 582 So.2d 98 (Fla. 5th DCA 1991); see also § 86.011, Fla. Stat. (1997).
State Farm contends that the disposition of the federal lawsuit did not divest the trial court of jurisdiction over this declaratory judgment action because the issue as to State Farm's duty to defend or indemnify Fleet remained unresolved. State Farm maintains that the terms of the parties' settlement agreement included an agreement that State Farm could continue to pursue this declaratory judgment action. Unfortunately, the parties' settlement agreement was not made a part of the record before the summary judgment hearing was conducted. At the hearing State Farm requested permission to amend its complaint to include a reference to the settlement agreement; however, this request was denied. We reverse this ruling.
It is the public policy of Florida to freely allow amendments to pleadings so that cases may be resolved on their merits. All doubts should be resolved in favor of allowing amendment. See Gate Lands Co. v. Old Ponte Vedra Beach Condominium, 715 So.2d 1132 (Fla. 5th DCA 1998). Refusal to allow amendment of a pleading under rule 1.190(a) of the Florida Rules of Civil Procedure constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. See Rosario v. Procacci Commercial Realty, Inc., 717 So.2d 148 (Fla. 5th DCA 1998).
Here, there was no showing that Fleet would suffer prejudice if State Farm were granted leave to amend its complaint, nor had the privilege to amend been abused. With regard to the question of futility, since the record did not contain a copy of the parties' settlement agreement, the trial court could not properly determine whether State Farm would have been able to state a cognizable cause of action for declaratory relief if allowed an opportunity to amend its complaint to include the parties' settlement agreement because the court did not know whether the agreement actually preserved State Farm's right to pursue the action. Accordingly, the trial court should have granted State Farm's motion to amend.
In closing, we note the ruling in Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278 (5th Cir.1971), wherein an insurance company contributed toward a settlement of a lawsuit after the parties had agreed that the company could retain its right to proceed with a declaratory judgment on the issue of coverage. The Fifth Circuit honored the agreement between the parties, noting that the agreement was commendable because it facilitated prompt settlement of the underlying controversy thereby eliminating the interim expenditures of litigation. Id. at 1280. Accord Edwards v. Sharkey, 747 F.2d 684 (11th Cir.1984). This panel agrees with the Fifth Circuit's reasoning as well as the conclusion that voluntary payment to an injured party pursuant to a settlement agreement should not extinguish an *1220 insurance carrier's right to maintain a declaratory judgment action regarding the issue of coverage. In our view, this procedure comports with Florida's public policy by enabling an injured party to be paid the damages due him while avoiding the time and expense of protracted litigation. It also yields a savings to defending insurance carriers by enabling them to resolve purely legal issues of coverage through the more expedient declaratory judgment procedure. However, we recognize that our conclusions on this issue constitute merely dicta in this case and emphasize that the holding here is simply that State Farm must be granted the opportunity to amend its complaint so that this issue can be properly addressed on the merits. See Pinellas County, Florida v. Southwest Florida Water Management, 718 So.2d 873 (Fla. 5th DCA 1998); Golf Club of Plantation, Inc., v. City of Plantation, 717 So.2d 166 (Fla. 4th DCA 1998); Omasta v. Bedingfield, 689 So.2d 409 (Fla. 5th DCA 1997).
REVERSED and REMANDED.
GOSHORN and THOMPSON, JJ., concur.