738 So.2d 379 (1999)
James C. BABER, III, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1531.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Bruce Rogow and Beverly A. Pohl of Bruce Rogow, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant *380 Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of DUI manslaughter and DUI with personal injury. He asserts that the trial court erred in allowing into evidence a blood alcohol report prepared for medical purposes at the hospital where he was treated for injuries after the accident. More specifically, he argues that the court should not have allowed the report in as a business record of the hospital, where the technician who performed the test did not testify. He recognizes that the report would have been admissible as a business record in a civil case under Love v. Garcia, 634 So.2d 158 (Fla. 1994), but argues that Love does not apply in criminal cases. We disagree and affirm.
In the early evening of November 11, 1995, appellant was observed driving erratically in a northerly direction on Military Trail in Palm Beach County. He then turned left to go west, but went into the east bound lane of 45th Street. He struck an oncoming vehicle, killing the driver and injuring the passenger.
Appellant, who was seriously injured, was taken to St. Mary's Hospital in West Palm Beach where his blood was tested for alcohol content on the hospital's DuPont ACA IV clinical analyzer. Appellant represents in his brief, and the parties agreed at oral argument, that this was done for purposes of medical treatment. This test, which uses blood serum, reflected a blood alcohol level of .274 at the time of the accident. The blood serum test result was then converted to a whole blood result reflecting a blood alcohol level of from .23 to .25.
In the trial court, appellant attacked the admission into evidence of the blood alcohol report as a business record on two grounds. He contended that the court should have conducted a Frye[1] hearing in regard to the testing machine and that the report was not admissible as a business record of the hospital. Although appellant raised the Frye issue in his brief, he conceded that it was without merit at oral argument, and we need not address it.
In order to introduce the blood alcohol report, the state called the hospital's medical records custodian who laid the necessary foundation under the business record hearsay exception, section 90.803(6)(a), Florida Statutes (1995). The state also called the head of the chemistry department of the hospital who controlled the laboratory. He testified that he had copied appellant's blood test results from the computer system, described the manner in which the report was prepared, and described how the machine, which the hospital had been using since 1991, determines blood alcohol levels based on blood serum testing. He also explained the daily and weekly maintenance performed on the machine according to the manufacturer's instructions.
The state also presented the testimony of the chief of forensic toxicology at the Palm Beach County Sheriff's Office, who testified as to the accuracy of the testing machine used in this case. He had reviewed the hospital's testing procedures and results, and rendered an opinion that tests made during the period of time when this test was made were reliable.
Appellant objected that the report was inadmissible without the testimony of the laboratory technician who administered the blood test and chain of custody testimony, but the trial court overruled the objection.
In Love v. Garcia, 634 So.2d 158 (Fla. 1994), the Florida Supreme Court held in a personal injury case that a blood alcohol test report contained in a hospital record was admissible with no testimony other than that of the business record custodian of the hospital qualifying the report as a business record. The court reasoned that if such a report is sufficiently trustworthy *381 to be relied on for medical treatment, it is sufficiently trustworthy to be admissible in evidence as a business record, unless the party opposing the admission can show that it is untrustworthy.[2]
Appellant argues that Love applies only in civil cases, relying on earlier DUI cases such as State v. Strong, 504 So.2d 758, 760 (Fla.1987), which held that blood test evidence may be "admitted on establishing the traditional predicates for admissibility, including test reliability, the technician's qualifications, and the test results' meaning," citing State v. Bender, 382 So.2d 697 (Fla.1980).
In Robertson v. State, 604 So.2d 783 (Fla.1992), our supreme court was asked to answer the certified question of whether the test results of blood samples taken at the request of law enforcement are admissible where the requirements of section 316.1933, Florida Statutes are not met. If a blood alcohol test is taken pursuant to the statute, there is a presumption of impairment if the blood alcohol content is .10 or more. The court held that blood alcohol reports are admissible even though they do not comply with the statute, but under those circumstances the statutory presumption would not exist. The court noted that a predicate would have to be laid for admission of the blood alcohol test as set forth in Bender.
The above DUI cases all predated Love, which recognized confusion surrounding the issue. 634 So.2d at 159. After Love came Brock v. State, 676 So.2d 991 (Fla. 1st DCA 1996), which held that Love applied in a criminal case. In Brock the issue was whether the defendant could get the blood alcohol test report in as a business record, not whether the state could.
Before Love, in Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990), the first district held that a laboratory report from an independent laboratory showing cocaine in urine was admissible as a business record of the laboratory in a probation revocation proceeding.[3] Noting that the business records rule contained in the Federal Rules of Evidence, rule 803(6), is similar to section 90.803(6), Florida Statutes, the court relied on federal court decisions allowing laboratory reports identifying controlled substances to be admitted into evidence in criminal cases as business records. United States v. Baker, 855 F.2d 1353 (8th Cir.1988); United States v. Scholle, 553 F.2d 1109 (8th Cir.1977); Sherman v. Scott, 62 F.3d 136 (5th Cir.1995); United States v. Garnett, 122 F.3d 1016 (11th Cir. 1997). As one federal court observed, it is highly unlikely that the person who performed the test would have any independent recollection of it. Reardon v. Manson, 806 F.2d 39, 41-42 (2d Cir.1986).
The trend in other states is to admit blood alcohol tests into evidence in criminal cases as business records. Dixon v. State, 227 Ga.App. 533, 489 S.E.2d 532 (1997); State v. Todd, 935 S.W.2d 55 (Mo. Ct.App.1996); State v. Yates, 574 So.2d 566 (La.Ct.App.1991); State v. Christian, 119 N.M. 776, 895 P.2d 676 (Ct.App.1995); State v. Garlick, 313 Md. 209, 545 A.2d 27 (1988); State v. Martorelli, 136 N.J.Super. 449, 346 A.2d 618 (App.Div.1975).
Appellant argues that the admission of the report under the business records exception to the hearsay rule, in a criminal case, violates the Confrontation *382 Clause of the United States Constitution. That argument has been rejected by the federal courts. Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2538 n. 8, 65 L.Ed.2d 597 (1980); United States v. Norton, 867 F.2d 1354, 1363 (11th Cir.1989).
Nor do we agree with the appellant that our decision in State v. Sclafani, 704 So.2d 128 (Fla. 4th DCA 1997) is applicable. In Sclafani we stated in dicta that blood taken for medical purposes was admissible in a DUI manslaughter case where the "traditional predicate" of Strong is laid. It does not appear from our opinion in Sclafani, however, that the issue of whether the blood alcohol report was admissible as a business record was raised or considered.
We conclude that the supreme court's decision in Love does apply in criminal cases, and that the trial court properly admitted the blood alcohol report as a business record through the testimony of the hospital medical records custodian. Although we are reasonably confident that our holding is a logical application of Love, we believe it would be best for the Florida Supreme Court to determine whether we are correct, because of the possible impact of our decision on the manner in which DUI cases are tried throughout the state. We say "possible," because county courts, where most of these cases are tried as misdemeanors, may be applying Love, but we have no way of knowing. We therefore certify the following question as one of great public importance:
DOES LOVE V. GARCIA, 634 So.2d 158 (Fla.1994) APPLY IN CRIMINAL PROSECUTIONS WHERE BLOOD ALCOHOL TEST RESULTS ARE OFFERED AS PROOF TO ESTABLISH AN ELEMENT OF THE OFFENSE, IF THE BLOOD ALCOHOL TESTS WERE ADMINISTERED BY HOSPITAL PERSONNEL FOR MEDICAL TREATMENT PURPOSES?[4]
We have considered the other issues raised by appellant, and find them to be without merit. We therefore affirm.
TAYLOR, J., and WHITE, ALICE BLACKWELL, Associate Judge, concur.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).
[2] Love also held that a different blood alcohol test run by an independent laboratory was also admissible into evidence as a business record through the testimony of the records custodian of the laboratory.
[3] In Williams v. State, 24 Fla. L. Weekly D1267, 734 So.2d 1149 (Fla. 5th DCA 1999) the fifth district affirmed a conviction based on a Florida Department of Law Enforcement Laboratory report, admitted through a records custodian, showing that a substance defendant sold was cocaine. The court relied on Davis. It appears that the only issue preserved was whether the report had been qualified as a business record, and that the issue involved in this case, whether the laboratory report is admissible in lieu of live testimony, was not preserved.
[4] If our supreme court answers this question in the affirmative, the distinction made by Strong, acknowledged in Robertson, between medical and legal blood may warrant reconsideration. Under Love the more important distinction may be whether the blood was tested by law enforcement or independently of law enforcement. Otherwise a report will be admitted as a business record where the test was done by the hospital for medical reasons, but not where the same test was done by the hospital only because law enforcement requested it.