GUNTHER, J.
The defendant appeals her convictions and sentences for DUI-manslaughter and DUI-serious bodily injury. We affirm in all respects, but comment on the admissibility of medical blood test results as a business records exception to the hearsay rule.
Upon arriving at the scene of the accident in which the defendant collided with another vehicle whose passenger was killed, a police officer requested a blood sample be drawn from the defendant. However, the defendant’s injuries required medical treatment at a hospital, and the sample was not taken when requested. While at the' hospital, blood' was taken for medical purposes. It is the admission of test results from this medical blood which is at issue on appeal.
On appeal, the defendant asserts that the trial court erred in admitting the test results from the medical blood because the State did not comply with furnishing the proper predicate, i.e., a qualified technician, a reliable test, and the meaning of the test results. The State responds the test results were properly admitted under the business records exception. We agree.
The Florida Supreme Court first recognized the admissibility of medical records as a business record in the civil case, Love v. Garcia, 634 So.2d 158 (Fla.1994). In Love, the court concluded that medical records can be admitted as business records provided the records meet the traditional requirements for a business record, are relevant, and not unfairly prejudicial. See id. at 160. Once the party proponent meets these requirements, the burden shifts to the party opponent to prove un-trustworthiness. See id. Furthermore, the court stated that a presumption of trustworthiness exists in regard to medical records. See id.
More recently, in Baber v. State, 24 Fla.L. Weekly D1478, 738 So.2d 379 (Fla. 4th DCA 1999), we concluded that Love applies to criminal cases, but certified a question of great public importance to the Florida Supreme Court. See id. at D1478-79, id. at 380-81. We stated in Baber that we were “reasonably confident” Love applies to criminal cases; however, this is an issue best left for the Florida Supreme Court. See id. at D1479, id at 381. Because we have concerns about applying the principles set forth in Love, a civil case, to prove an element of a criminal offense, we again certify the following question as one of great public importance:
DOES LOVE V. GARCIA, 634 So.2d 158 (Fla.1994), APPLY IN CRIMINAL PROSECUTIONS WHERE BLOOD ALCOHOL TEST RESULTS ARE OFFERED AS PROOF TO ESTABLISH AN ELEMENT OF THE OFFENSE, IF THE BLOOD ALCOHOL TESTS WERE ADMINISTERED BY HOSPITAL PERSONNEL FOR MEDICAL TREATMENT PURPOSES?
Id. Until the Florida Supreme Court addresses this issue, we conclude, based on Love and Baber, that the trial court properly admitted the medical records under the business records exception in the present case. Accordingly, we affirm the defendant’s convictions and sentences.
AFFIRMED.
DELL and HAZOURI, JJ., concur.