768 So.2d 1100 (2000)
Richard FILAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0854.
District Court of Appeal of Florida, Fourth District.
February 9, 2000.
Pamela Wynn, Special Public Defender, Lake Worth, for appellant.
*1101 Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Richard Filan appeals his conviction of felony driving under the influence.
On September 2, 1997, Filan was involved in an automobile accident with two other cars, which caused injury to two persons. The police officer who responded to the accident scene detected the odor of an alcoholic beverage about Filan's person and caused him to be transported to jail. About twenty minutes after his arrival at the jail, Filan fainted, so the police took him to John F. Kennedy Hospital.
On appeal, Filan primarily attacks the admission into evidence of his hospital medical records, which contained the results of a blood alcohol test conducted at the hospital.
In Baber v. State, 738 So.2d 379 (Fla. 4th DCA 1999), this court addressed a defendant's challenge to the admission of a blood alcohol report that had been prepared for medical purposes at the hospital where the defendant was treated following a car accident. The records were admitted after the state called the hospital's medical records custodian to lay the necessary foundation under section 90.803(6)(a), Florida Statutes (1995), to establish that the records fell within the business records exception to the hearsay rule. We held that the trial court properly admitted the blood alcohol report as a business record. See id. at 382; see also Love v. Garcia, 634 So.2d 158 (Fla.1994) (reversing where trial court denies defendant the opportunity to lay predicate for admission of blood alcohol test as business record); Brock v. State, 676 So.2d 991 (Fla. 1st DCA 1996).
When the state moved to admit the records in this case, defense counsel objected on the grounds of relevance. At the ensuing sidebar, when asked why the record would not be relevant, the attorney replied, "Because they didn't lay a proper foundation for it to come in yet ... [as to] "[w]ho drew it, all this other stuff." In admitting the records, the trial judge ruled that the state had satisfied foundation requirements of section 90.803(6). At trial, defense counsel did not direct the court's attention to any aspect of section 90.803(6) which had not been met.
On appeal, Filan argues that the state did not comply with section 90.803(6), because it failed to offer testimony that the records were made "by, or from information transmitted by, a person with knowledge" of the matter recorded. Since this precise objection was not made to the trial court, Filan has failed to preserve this issue for appeal.
For a judgment and sentence to be reversed on appeal, this court must find that a prejudicial error was properly preserved in the trial court. See § 924.051(3), Fla. Stat. (1999). An issue or objection is "preserved" within the meaning of the statute if it was timely raised and ruled on by the trial judge and if the objection was "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (1999).
The evidence code also requires precision in objections. Section 90.104(1)(a), Florida Statutes (1999), provides that a court may reverse a judgment on the basis of admitted evidence when a "substantial right" of a party is affected and there is a timely objection or motion to strike in the record "stating the specific ground of objection if the specific ground was not apparent from the context."
In Jackson v. State, 738 So.2d 382, 386 (Fla. 4th DCA 1999), we held that the "objection `lack of foundation,' like its first cousin `improper predicate,' is not a `specific ground of objection' within the meaning of section 90.104(1)(a)." Jackson derives from the value that a trial should not be reduced to a guessing game:

*1102 The general, non-specific objection in this case"lack of foundation"did not alert the state or the trial court as to what portion was missing from the foundation for the admission of business records under section 90.803(6)(a). With a specific objection not only can the trial court make an intelligent and informed decision but it would also give the state an opportunity to correct the defects, where possible, by asking additional questions of the witness or calling an additional witness who might be able to correct the defects.
Id. at 386. Loose, general objections encourage bad lawyering and judging; a trial judge might grant a "no foundation" objection for a reason not even contemplated by the party raising it.
Defense counsel's objection at the trial did not direct the trial court's attention to that aspect of the section 90.803(6)(a) foundation which he now claims was deficient on appeal. The objection was neither "specific" within the meaning of section 90.104(1)(a), nor "sufficiently precise" as required by section 924.051(1)(b). The defense therefore failed to preserve its objection to the admission of the hospital records into evidence under the business records exception to the hearsay rule.
On the other point raised on appeal, we find no error in the trial court's denial of the motion for judgment of acquittal.
AFFIRMED.
WARNER, C.J., and STEVENSON, J., concur.