DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSICA M. PARISI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1955

[March 2, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Haimes, Judge; L.T. Case No. 13009364CF10A.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

We affirm appellant's conviction and sentence for burglary of a structure, resisting without violence, and petit theft. Although she claims in her brief that the court erred in admitting lay opinion testimony from an officer, the objection that the trial court ruled on was that the officer's testimony required expertise. She did not apprise the court that she objected to his testimony as lay opinion. Thus, the issue raised on appeal was not properly preserved. *See Filan v. State*, 768 So. 2d 1100, 1101 (Fla. 4th DCA 2000) ("An issue or objection is 'preserved' within the meaning of the statute if it was timely raised and ruled on by the trial judge and *if the objection was 'sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.'*" (emphasis added) (quoting § 924.051(1)(b), Fla. Stat. (2013))).

As to her claim that the court erred in denying her motion for judgment of acquittal, appellant maintained that the case was circumstantial, and the State did not offer evidence to contradict her hypothesis of innocence. We disagree. While appellant claimed that she thought she hit a cat driving down an alley and she was in the structure (a shed) looking for the

cat, officers had observed her driving and testified that they did not see any animal. They also saw her exit the shed and flee from them, thus establishing her entry into the structure. This was direct evidence contradicting her hypothesis of innocence. *State v. Law*, 559 So. 2d 187, 188-89 (Fla. 1989). Furthermore, to prove intent, the State could rely on the statutory presumption of section 810.07(1), Florida Statutes (2013), that stealthy entry into a structure presumes an intent to commit an offense therein. We conclude that the State provided direct evidence of a stealthy entry.

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2