# Third District Court of Appeal
## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0248
Lower Tribunal No. 18-42359
_____

**Universal Insurance Company of North America**,
Appellant,

vs.

**Sunset 102 Office Park Condominium Association, Inc.**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Galloway, Johnson, Tompkins, Burr & Smith, PLC, and David T. Burr and Jaime K. Quezon (Tampa), for appellant.

Yelena Shneyderman, P.A., and Yelena Shneyderman (Hollywood), for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

**INTRODUCTION**

Universal Insurance Company of North America ("Universal"), the defendant below, appeals a final judgment entered by the trial court following a jury trial that culminated in a verdict in favor of its insured, Sunset 102 Office Park Condominium Association ("Sunset"). Universal also appeals the trial court's order denying its motion for new trial.

The action below was filed by Sunset after filing an insurance claim with Universal for losses suffered as a result of Hurricane Irma. Universal determined the amount of the claim did not exceed Sunset's deductible under the policy, and Sunset thereafter filed suit for breach of contract. The case proceeded to trial, with the jury returning a verdict in favor of Sunset, and the trial court (following a denial of Universal's motion for a new trial) entered final judgment in favor of Sunset for $884,371.90.

For the reasons that follow, we affirm.

**ANALYSIS AND DISCUSSION**

Universal urges five grounds for reversal: (1) denial of a motion for leave to amend affirmative defenses; (2) erroneous jury instructions and verdict form; (3) denial of a motion for relief based on spoliation of evidence by Sunset; (4) exclusion of certain evidence at trial; and (5) denial of a motion for mistrial following inflammatory remarks by counsel for Sunset.

## 1. Denial of Motion for Leave to Amend Affirmative Defenses

Universal asserts the trial court abused its discretion by denying leave to amend its affirmative defenses to add a defense based on the policy's "wet rot" exclusion. See Florida East Coast Ry. v. Shulman, 481 So. 2d 965 (Fla. 3d DCA 1986) (reviewing such a claim for abuse of discretion). It is an abuse of discretion to deny leave to amend "'unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006) (quoting State Farm Fire & Cas. Co. v. Fleet Fin. Corp., 724 So. 2d 1218, 1219 (Fla. 5th DCA 1998) (additional citation omitted).

Trial was scheduled to begin on Monday, June 14, 2021. Two business days before trial, Universal moved ore tenus to amend its answer and affirmative defenses to add an affirmative defense based on the "Fungi, Wet Rot, Dry Rot or Bacteria" exclusion in its policy.

The trial court held a lengthy hearing on the request. Sunset argued it was clearly prejudiced because it could not adequately prepare to meet this newly asserted defense on the eve of trial. Sunset argued this proposed "wet rot" defense represented a new policy exclusion that had not previously been raised by Universal. It was also established that Universal had been

3

aware, for over a month, of the underlying basis for such a requested amendment, but raised the issue with the court only two days before trial. Although Universal contended there would be no prejudice or surprise to Sunset if the amendment were permitted, the trial court determined otherwise. The trial court found that this affirmative defense would "inject a new theory of defense" without allowing Sunset adequate time to consult with an expert and prepare for trial. The court concluded "this is the definition of undue prejudice based on the procedural posture of this case."

As this court observed in Building B1, LLC v. Component Repair Servs, Inc., 224 So. 3d 785, 789 (Fla. 3d DCA 2017):

> While public policy generally favors application of rule 1.190 to permit amendment of pleadings, the rule's "liberal amendment policy diminishes as a case progresses to trial." Morgan v. Bank of N.Y. Mellon, 200 So. 3d 792, 795 (Fla. 1st DCA 2016). Ultimately, the decision is vested in the broad discretion of the trial court, and the touchstone consideration of this analysis is prejudice to the opposing party.

We find no abuse of discretion in the trial court's denial of Universal's request for leave to amend its affirmative defenses, given the eleventh-hour nature of the request, Sunset's objection and the resulting prejudice to Sunset in its ability to prepare for or defend against this new theory of

defense.  See also Designers Tile Int'l Corp. v. Capitol C Corp., 499 So. 2d

4 (Fla. 3d DCA 1986); Santi v. Zack Co., 287 So. 2d 127 (Fla. 3d DCA 1973).[1]

2. Spoliation

Prior to trial, Universal filed a motion for relief based on alleged

spoliation of evidence, asserting Sunset had intentionally destroyed

evidence when it undertook repairs on two of the four insured buildings,

preventing Universal from properly assessing the loss.  Universal requested,

as a sanction for this spoliation, an "adverse inference" jury instruction.  The

court held a hearing on the spoliation motion and thereafter denied it, finding

Universal inspected the property four times, and denied coverage without

---

[1] We likewise find no error in the jury instructions and verdict form provided to the jury. Universal contends that the concurrent cause doctrine was inapplicable in this case, and that it was error for the court to give the standard jury instruction on the concurrent cause doctrine, rather than an instruction on efficient proximate cause.  However, the concurrent cause doctrine was applicable here. See Sec. First Ins. Co. v. Czelusniak, 305 So. 3d 717, 718-19 (Fla. 3d DCA 2020) ("Generally, 'when independent perils converge and no single cause can be considered the sole or proximate cause, it is appropriate to apply the concurring cause doctrine.' However, when the insurer explicitly avoids the application of the concurring-cause doctrine with an anti-concurrent cause provision, the plain language of the policy precludes recovery") (additional citations omitted). There was no applicable anti-concurrent cause provision, and thus no error was committed in giving the standard jury instruction on concurrent cause and including same on the verdict form. See Jones v. Federated Nat'l Ins. Co., 235 So. 3d 936, 941 (Fla. 4th DCA 2018) ("If the insurer fails to establish either a sole or efficient proximate cause, and there are no applicable anti-concurrent cause provisions, then the concurrent cause doctrine must be utilized.")

ever requesting to reinspect, and thus, had not shown that Sunset violated any duties under the contract.

"We review the decision to grant or deny an adverse inference jury instruction under an abuse of discretion." Pena v. Bi-Lo Holdings, LLC, 304 So. 3d 1254, 1257 (Fla. 3d DCA 2020). In Pena, this court reiterated the "three-part threshold inquiry" for a trial court to engage in when considering a motion for sanctions for spoliation of evidence: "'(1) whether the evidence existed at one time, (2) whether the spoliator had a duty to preserve the evidence, and (3) whether the evidence was critical to an opposing party being able to prove its prima facie case or a defense.'" Id. (internal citation omitted).

In the instant case, the trial court found Universal failed to establish that Sunset violated its duty, under the terms of the insurance policy, to preserve the evidence. The policy provides that the insured must allow inspection of the property "as often as may be reasonably required." However, the evidence supports the court's determination, because Universal was allowed to inspect the property four times and did not request to conduct further examination of the two reroofed buildings—despite notice of Sunset's intention to replace the roofs—until after installation of the new roofs was complete.

6

On appeal, Universal seeks to rely on Sunset's expert, who testified he would not have allowed destructive testing (which Universal claims was necessary), but despite its knowledge in advance, Universal never requested testing prior to replacement of the roofs and did not file a motion to preserve the evidence. As for the later replacement of the remaining two buildings, Universal's expert was present for that work, did not attempt to inspect the underlayment, and later testified that, regardless, his opinions remained the same.

Under these circumstances, we find no abuse of discretion in denying an adverse inference jury instruction. See id. at 1258 (rejecting "the contention that the judicial action in denying an adverse inference was 'arbitrary, fanciful, or unreasonable [or that] . . . no reasonable man [or woman] would take the view adopted by the trial court.'" (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980))).

### 3. Improper Comments and Questioning

Finally, Universal contends that the trial court should have granted its motion for mistrial because counsel for Sunset made fraud allegations against Universal in front of the jury, prejudicing Universal and resulting in an unfair trial. We do not agree.

7

The alleged error occurred during Sunset's questioning of Universal's corporate representative. Curiously, Universal's brief does not set forth the actual portions of the trial transcript at issue; nor does Universal's brief even provide selected quotes of the statements that it claims resulted in a denial of a fair trial. Instead, Universal's brief merely references the three page numbers of the trial transcript, and then characterizes the questioning contained in those three pages as "repeated, baseless accusations of fraud," asserting that through these questions Sunset implied that Universal "had conspired with its vendors and contractors to falsify estimates so they fell below policy deductibles to avoid paying claims." Here are the pertinent excerpts of questions posed by Sunset's counsel to Universal's witness:

> Q. Now, when you all, Universal, insured these roofs in 2017, you knew you were insuring 15-year-old roofs, correct?
>
> A. I don't know exactly what the underwriting department may have known at the time it was insuring the roofs. It relied – it seems likely it relied upon at least the information supplied in the policy application. Beyond that, I have no specific information about the underwriting of the policy for Sunset 102.
>
> Q. But it would have been a combination of whatever that underwriting you're referencing is?
>
> Counsel for Universal: Objection.
>
> The Court: Sustained. Can I see the parties at sidebar?

8

At sidebar, the court reminded counsel for Sunset that he could only ask if the claims adjuster knew when the roofs were built. Questioning continued:

Q. So this was, by definition, a covered loss? That's not an issue here, right?
A. That's correct.

Q. And once it became a covered loss, then what Universal does it, it goes about adjusting or valuing those losses, correct?
A. Yes.

Q. And Universal should not adjust those losses so as to artificially remain under the deductibles for any of these buildings, correct?

Counsel for Universal: Objection, predicate.

The Court: Sustained. Rephrase.

. . .

Q. Universal has an obligation to fairly and accurately value these losses?
A. Yes.

Q. Okay. The – the valuation of these losses cannot be manipulated so as to keep the numbers below the deductibles, correct?
Counsel for Universal: Objection, predicate.

The Court: Sustained.

Q. It has to be a fair and honest evaluation?

Counsel for Universal: Objection, predicate.

Q. It has to be an accurate evaluation under the policy?

Counsel for Universal: Objection, predicate.

The Court: Overruled.

While these questions may have intruded into an area prohibited by a pretrial motion in limine (precluding Sunset from asking questions regarding general claims-handling or underwriting practices), they are a far cry from the characterization in Universal's brief that they constitute "repeated, baseless accusations of fraud," and that the questions imply that Universal "had conspired with its vendors and contractors to falsify estimates so they fell below policy deductibles to avoid paying claims."

Indeed, if, as Universal contends, Sunset's questioning constituted "repeated, baseless accusation of fraud," it begs the question why Universal's four objections consisted merely of the word "predicate." Universal did not object based upon an alleged violation of a pretrial order in limine, or raise the specter of improper character attacks, but merely a claim that some requisite evidentiary foundation was absent.[2]

---

[2] Universal asserts it used "predicate" as the objection because the trial court prohibited speaking objections during trial. We reject Universal's purported use of "predicate" as a catchall substitute for a precise objection to the question posed or the answer given. The purpose of an objection is to place the trial court and opposing counsel on notice of the precise underlying evidentiary basis for the assertion that the question is improper or the answer inadmissible. This provides a trial court an opportunity to prevent or cure a

Nevertheless, assuming this objection was adequate to preserve the issue (in light of the existing order in limine) and even if we were to find the motion for mistrial was contemporaneous (though raised fifteen transcript pages later),[3] we nevertheless agree with the trial court's assessment that the comments were not so prejudicial as to vitiate the entire trial, especially in light of the fact that the trial court sustained several of Universal's objections and gave a curative instruction to the jury. See Talley v. State, 260 So. 3d 562, 568 (Fla. 3d DCA 2019) ("The granting of a motion for

---

possible error, and the questioning party an opportunity to rephrase the question to overcome the objection. Objecting on the basis of "predicate" does not preserve the claim, asserted here, that the questions constituted improper accusations of fraud by Universal. Instead, the evidence code "requires precision in objections." See e.g., Jackson v. State, 738 So. 2d 382, 386 (Fla. 4th DCA 1999) (the "objection 'lack of foundation,' like its first cousin 'improper predicate,' is not a 'specific ground of objection' within the meaning of section 90.104(1)(a)."); Filan v. State, 768 So. 2d 1100 (Fla. 4th DCA 2000); § 90.104(1)(a), Florida Statutes (2022), (providing that a court "may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and . . . [w]hen the ruling is one admitting evidence, a timely objection or motion to strike appears on the record, stating the specific ground of objection if the specific ground was not apparent from the context").

[3] See Ed Ricke and Sons, Inc. v. Green By and Through Swan, 468 So. 2d 908, 910-11 (Fla. 1985) ("Unless the improper argument constitutes a fundamental error, a motion for a mistrial must be made 'at the time the improper comment was made", but also noting "we do not impose a strict rule requiring that a motion for mistrial be made in the next breath following the objection to the remark.")

mistrial is not based on whether an error is merely prejudicial but rather whether 'an error is so prejudicial as to vitiate the entire trial'") (quoting Salazar v. State, 991 So. 2d 364, 372 (Fla. 2008)).  See also Olsen v. Phillip Morris USA, Inc., 343 So. 3d 172, 174 (Fla. 3d DCA 2022)  ("If the issue of an opponent's improper argument has been properly preserved by objection and motion for mistrial, the trial court should grant a new trial if the argument was 'so highly prejudicial and inflammatory that it denied the opposing party its right to a fair trial'" (quoting R.J. Reynolds Tobacco Co. v. Calloway, 201 So. 3d 753, 764 (Fla. 4th DCA 2016)) (additional citations omitted)).

## CONCLUSION

Because Universal has failed to demonstrate reversible error in this case[4], we affirm the final judgment and the trial court's order denying Universal's motion for new trial.

Affirmed.

---

[4] We have considered the remaining points raised by Universal on appeal, conclude they are not meritorious, and affirm without further discussion of those claims.